**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-1087

HELINA TEFERRA MEKONNEN,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: August 30, 2016          Decided: September 1, 2016

Before WILKINSON, DUNCAN, and THACKER, Circuit Judges.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Zewdu Alem, LAW OFFICE OF ZEWDU ALEM, Silver Spring, Maryland, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Stephen J. Flynn, Assistant Director, Anh-Thu P. Mai-Windle, Senior Litigation Counsel, U.S. DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Helina Teferra Mekonnen, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's (IJ) decision finding that she was ineligible for benefits under the Immigration and Nationality Act because she filed a frivolous asylum application. See 8 U.S.C. § 1158(d)(6) (2012). We dismiss in part and deny in part the petition for review.

Insofar as Mekonnen argues that her asylum application is not frivolous because she did not submit false documents or rely upon false facts, we conclude we are without jurisdiction to consider this argument. An alien "who does not raise a particular claim before the [Board] fails to exhaust [her] administrative remedies as to that claim" such that "the federal courts lack jurisdiction to consider it." Tiscareno-Garcia v. Holder, 780 F.3d 205, 210 (4th Cir. 2015); see also Ndibu v. Lynch, 823 F.3d 229, 237 (4th Cir. 2016) ("Failure to make the argument that a frivolousness finding was inappropriate on remand deprives us of jurisdiction to consider the claim."). Because Mekonnen did not raise this particular claim on appeal before the Board, we are without jurisdiction to consider it. Accordingly, we dismiss that part of the petition for review.

An alien who "has knowingly made a frivolous application for asylum," after having been informed of the consequences of submitting such an application, is permanently ineligible for immigration benefits, including adjustment of status. 8 U.S.C. § 1158(d)(6); Ndibu, 823 F.3d at 230 (as a consequence of filing frivolous asylum application, alien was ineligible for adjustment of status). An asylum application is frivolous "if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20 (2016). An alien's misrepresentation is material if it "had a natural tendency to influence the decisions" of the agency or "tends to shut off a line of inquiry which is relevant to the alien's eligibility and which might well have resulted in a proper determination that [s]he" was inadmissible. In re D-R-, 25 I. & N. Dec. 445, 450 (B.I.A. 2011) (alien's failure to disclose employment as police officer during Bosnian war was a material misrepresentation (internal quotation marks omitted)); see also Yousif v. Lynch, 796 F.3d 622, 629 (6th Cir. 2015) ("[A] concealment or misrepresentation is material if it has a natural tendency to influence, or was capable of influencing, the decision" of the agency. (internal quotation marks omitted)); Injeti v. USCIS, 737 F.3d 311, 316-17 (4th Cir. 2013) (observing that the Board considers a misrepresentation material if it tends to shut off a relevant line of inquiry).

A finding that the asylum applicant knowingly filed a false or fraudulent submission that was material to the application is a finding of fact we review for substantial evidence. See Albu v. Holder, 761 F.3d 817, 821 (7th Cir. 2014); Aziz v. Gonzales, 478 F.3d 854, 857 (8th Cir. 2007). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2012). We have considered Mekonnen's arguments challenging the finding that her omission was not a material misrepresentation and find the arguments to be without merit. We therefore deny in part the petition for review.

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED IN PART
AND DENIED IN PART

4